IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: )<br>    J. ALLAN STEEL COMPANY, ) Bankruptcy No. 03-23846 BM<br>                                                     )<br>    Debtor ) Adversary No.  04-2014 BM | |

IN RE: )
    J. ALLAN STEEL COMPANY, ) Bankruptcy No. 03-23846 BM
                                                     )
    Debtor ) Adversary No.  04-2014 BM
                                                     )
OFFICIAL COMMITTEE OF UNSECURED )
CREDITORS OF J. ALLEN STEEL COMPANY, ) Chapter 11
                                                     )
    Plaintiff, )
                                                     )
  -vs- )
                                                      Civil Action No.  06-696
                                                     )
NUCOR-YAMATO STEEL COMPANY, )
                                                     )
    Defendant. )

AMBROSE, Chief District Judge.

## MEMORANDUM OPINION and ORDER

NuCor-Yamato Steel Company ("NuCor-Yamato") appeals under 28 U.S.C. § 158 from an Order of Court dated April 24, 2006 entered by the United States Bankruptcy Court for the Western District of Pennsylvania, in an adversary proceeding commenced to avoid alleged preferential transfers. This is the second appeal arising from the adversary proceeding.  NuCor-Yamato previously appealed from the Bankruptcy Court's Memorandum Opinion and Order dated April 8, 2005, in which the Bankruptcy Court ruled that the transfers were "preferential" because NuCor-Yamato did not meet its burden of proof on the "ordinary course" defense under 11 U.S.C. § 547(c)(2).

By Opinion and Order dated December 8, 2005, I vacated the Bankruptcy Court's Opinion and remanded that action for further consideration. Significantly, and contrary to NuCor-Yamato's suggestions, I did not instruct the Bankruptcy Court to reach a particular conclusion. Rather, I remanded the action and asked the Bankruptcy Court to comment on several factors relevant to NuCor-Yamato's defense which I believed had not been sufficiently addressed in the initial Opinion.

The Bankruptcy Court has complied with my directive.[1] In reaching the same conclusion - that the transfers were preferential - the Court explained in more detail, the basis for its decision. Clearly, the Bankruptcy Court found NuCor-Yamato's witnesses to lack credibility and the Court explained how its findings regarding credibility caused it to conclude that NuCor-Yamato had not carried its burden of proof in establishing the "ordinary course" defense.

More specifically, the Bankruptcy Court explained that it found the testimony which favored NuCor-Yamato at trial to be "puppet-like," and suggestive of thoroughly coached witnesses who were willing to testify in whatever manner would please counsel. The Bankruptcy Court also explained that it found suspect NuCor-Yamato's choices in whom to call as witnesses. For instance, it chose to question only Frank Quigley about J. Allan Steel's business relationship with NuCor-Yamato despite the fact that Quigley acknowledged that he was not privy to all

---

[1] The Appellee makes an argument that this Court lacks appellate jurisdiction over this matter because NuCor-Yamato failed to seek leave to appeal from an interlocutory order. I reject the Appellee's argument. I vacated the Bankruptcy Court's 2005 Order of Court. NuCor-Yamato appealed from the 2006 Order of Court. That Order of Court was final. There was no requirement that NuCor-Yamato post a bond in order to appeal from that Order. Thus, its failure to post a bond with respect to the 2005 Order, which was vacated, is not fatal to the issue of jurisdiction here.

contacts and conversations between the companies about the relationship. The Bankruptcy Court also discounted Quigley's testimony as it was inconsistent with his deposition testimony and seemed designed to "curry favor" with counsel. As to Ms. Barger, the Bankruptcy Court explained that her testimony regarding the parties' fourteen year relationship was unpersuasive as she had only worked as the credit manager for the past four and only had documentation of the relationship for the past two. Finally, the Bankruptcy Court commented that it simply found incredible NuCor-Yamato's explanation that it had only two years of documentation of its fourteen year relationship. Thus, the Court was not holding as a matter of law that twenty seven months of documentation was insufficient to establish what was "ordinary" as between the parties, but that NuCor-Yamato's explanation regarding the reason the other twelve years of documentation was missing was highly suspect.[2]

Reviewing the transcripts and documents submitted to me, I am not sure that I would have reached the same findings and conclusions as had the Bankruptcy Court. But I sit as an appellate court, not as a trial court. I did not have the benefit of seeing the manner and demeanor of the witnesses, of hearing their testimony firsthand, and of seeing how the witnesses interacted with counsel. I will not set aside findings of fact unless they are clearly erroneous. See In re Kaiser Aluminum

---

[2] To the extent that NuCor-Yamato expressed concern that the Bankruptcy Court failed to specifically discuss the second prong of section 547(c)(2), I am not concerned. To establish its defense, NuCor-Yamato must satisfy both prongs of section 547(c)(2). I find no error with the Bankruptcy Court's conclusion that NuCor-Yamato failed to satisfy the first prong. Consequently, there is no need to discuss whether it satisfied the second prong.

Corp., 456 F.3d 328, 334 (3d Cir. 2006).  Credibility determinations are inherently factual. Donaldson v. Bernstein, 104 F.3d 547, 556 (3d Cir. 1997).

After careful review, I find no clear error in the Bankruptcy Court's credibility determinations.  Accepting the Bankruptcy Court's credibility determinations it is clear that NuCor-Yamato did not carry its burden of establishing its ordinary course defense under 11 U.S.C. § 547(c)(2).

Consequently, this **13th** day of November, 2006, after careful consideration and for the reasons set forth within, it is Ordered that the Bankruptcy Court's Order of Court dated April 24, 2006 is affirmed, which, in effect, reinstates the Bankruptcy Court's previous Order dated April 8, 2005.  It is further Ordered that Appellee's Motion to Strike Appeal and/or Dismiss Appeal as Improvident (Docket No. 13) is denied.  The decision of the Bankruptcy Court is affirmed.  This case turned on credibility assessments.  I must defer to the Bankruptcy Court's credibility determinations.  I find no clear error in its determinations.  This case is closed forthwith.

BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge

PC U.S. BANKRUPTCY COURT
   ATTN:  HON. BERNARD MARKOVITZ, USBJ